# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL A. JONES, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2102 TCM |
| | ) | |
| JEFF NORMAN, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on petitioner's submission of an application

for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The petition will be

summarily dismissed as duplicative.

In the instant petition, Jones attempts to challenge three state convictions:

<u>State v. Jones</u>, 07SL-CR3429-01 (21st Jud. Cir); <u>State v. Jones</u>, 07SL-CR06638

(21st Jud. Cir.); <u>State v. Jones</u>, 0822-CR07366 (22nd Jud. Cir.). Petitioner has also

included in his application for writ of habeas corpus various contentions relating to

his conditions of confinement, including an allegation of a denial of access to

---

[1]Petitioner asserts in his application for writ of habeas corpus that he is bringing his petition pursuant to 28 U.S.C. § 2256. However, § 2256 allows only for habeas corpus proceedings in bankruptcy court. Because petitioner is attempting to challenge a state court judgment, his claims are more appropriately brought pursuant to 28 U.S.C. § 2254.

courts, a claim that his due process rights have been violated and an assertion that

he has been retaliated against in violation of the First Amendment.

In State v. Jones, 07SL-CR3429-01 (21st Jud. Cir.) and State v. Jones,

07SL-CR06638 (21st Jud. Cir.), petitioner was convicted on two counts of felony

non-support and one count of second degree domestic assault. Petitioner was

given a suspended imposition of sentence and placed on parole. Petitioner

subsequently violated parole, and on July 29, 2010, the court sentenced petitioner

to three years' imprisonment. He is currently challenging his convictions and

sentence in this Court pursuant to 28 U.S.C. § 2254 in Jones v. Norman,

4:11CV1310 LMB (E.D. Mo.).

In State v. Jones, 0822-CR07366 (22nd Jud. Cir.), petitioner was convicted

of domestic assault and resisting arrest and sentenced to five years in prison. He is

currently challenging his conviction and sentence in this Court in a habeas corpus

petition brought pursuant to 28 U.S.C. § 2254 in Jones v. Lawrence, 4:10CV495

LMB (E.D. Mo.).

Because the instant case challenges the same three state convictions and

sentences as the of two pending cases currently before the Court, the instant

application for writ of habeas corpus will be dismissed as duplicative.[2]

---

[2]See also 28 U.S.C. § 2244(b).

To the extent that petitioner's application for writ of habeas corpus also contains claims relating to his conditions of confinement, he must bring these claims in a separate civil rights action, pursuant to 42 U.S.C. § 1983.

The Court notes that petitioner is a frequent filer before this Court, and he may not proceed in forma pauperis in civil actions because he has incurred at least three "strikes" under 28 U.S.C. § 1915(g). The instant filing appears to be an attempt to circumvent § 1915(g) through creative titling of his pleadings. This is impermissible.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** as duplicative.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability. 28 U.S.C. § 2253.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED AS MOOT**.

Dated this 13th day of December, 2012.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE